UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

SANDRA BLACKMON,

     Plaintiff,

v.                                 CASE NO.:

LEE MEMORIAL HEALTH SYSTEM,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.  Plaintiff, SANDRA BLACKMON ("Ms. Blackmon" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2.  The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3.  At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Lee County, Florida.

4.  Plaintiff worked for Defendant in Lee County, Florida, and the venue, therefore, for this case is the Ft. Myers Division of the Middle District of Florida.

5.      At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6.      At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA (and also care for her infirm mother) which necessitated FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7.      Ms. Blackmon worked as a Respiratory Therapist for Defendant from November 21, 2016, until her termination on January 23, 2019.

8.      During her tenure with Defendant, Ms. Blackmon was a dedicated employee, who had no significant history of non-FMLA related attendance, performance, or disciplinary issues.

9.      Ms. Blackmon worked without issue until she requested intermittent FMLA leave to undergo exploratory surgery for breast cancer and to likewise care for her ill mother who was diagnosed with leukemia.

10.     Each of the foregoing medical crises are FMLA protected.

11.      Prior to requesting FMLA leave, Ms. Blackmon had explained to her Supervisor, Monica Collins, that she was suffering from sleep deprivation and exhaustion as a result of the stress related to what was ongoing in her life.

12.     Ms. Collins reassured her that she was understanding of same.

13.     On January 22, 2019, Ms. Blackmon spoke to Ms. Collins ("Ms. Collins"), about her need for FMLA due to the foregoing medical issues.

14.     Ms. Collins verbally acknowledged Ms. Blackmon's request for leave and Plaintiff commenced the necessary process/paperwork to secure and/or plan for same.

15.     The very next day, on January 23, 2019, Ms. Collins summoned Ms. Blackmon to a meeting with Director, Jeff Campbell, where they informed her that she had been terminated for "gross negligence," due to her dozing off for a moment while working.

16.     This was the first time Defendant made Ms. Blackmon aware of any alleged negligence or misconduct on her part; during this meeting, Ms. Blackmon reminded Ms. Collins of the sleep issues from which she was suffering.  Despite acknowledging same, Ms. Collins remained insistent on terminating Ms. Blackmon's employment on the heels of her FMLA request.

17.     It is unlawful for an employer to retaliate against an employee who exercises her rights under the FMLA.

18.     Ms. Blackmon was terminated for requesting FMLA and needing to take time away from work to care for herself and her mother's serious health condition.

19.     This termination, less than one (1) day following Ms. Blackmon's FMLA request violated the interference and retaliation provisions of the FMLA.

20.     As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

21.     As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for attempting to utilize what she believed to be proper and authorized FMLA leave.

22.     Defendant acted with intent to terminate Plaintiff when she should have been, and was, FMLA covered.

23.     Defendant fired Plaintiff because of her need for FMLA protected time away from work.

24.     Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempt to use FMLA.

25.     Defendant did not have a good faith basis for its actions.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

26.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

27.     At all times relevant hereto, Plaintiff was protected by the FMLA.

28.     At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

29.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

30.     As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

31.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

32.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25, above.

33.     At all times relevant hereto, Plaintiff was protected by the FMLA.

34.     At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her attempted use and/or use of what should have been, FMLA protected leave.

35.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

36.     At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

37.     As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

38.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 28TH  day of August 2019.

Respectfully Submitted,

By:**_/s Noah E. Storch_**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Guadagnolo, Esq.
Florida Bar No. 109104
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: rich@floridaovertimelawyer.com

*Attorneys for Plaintiff*